# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>                              Plaintiff,<br><br>   vs.<br><br>PLACIDO F. SOLIVEN,<br><br>                              Defendant. | CASE NO.10-CV-1844-IEG (BJS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **(Doc. No. 2); and**<br><br>**(2) DISMISSING ACTION.** |

Defendant Placido Soliven ("Defendant") proceeding *pro se* has filed a Notice of Removal, along with a motion to proceed *in forma pauperis*. (Doc. No. 1.)  Defendant has not paid the $350 civil filing fee required to commence the action in this court.  For the reasons stated herein, the Court GRANTS the motion to proceed *in forma pauperis*, and *sua sponte* DISMISSES the action for lack of removal jurisdiction.

## DISCUSSION

**I.      Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  See 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

1    The Court has reviewed Defendant's affidavit of assets and finds the affidavit sufficiently
2 shows that he is unable to pay the fees or post securities required to maintain this action. Defendant
3 is self-employed, and has earned $10,010 since January 1, 2010.  Aside from owning a vehicle and
4 $130 in a checking account, Defendant does not have any other assets or savings.  Accordingly, the
5 Court GRANTS Defendant's motion to proceed *in forma pauperis*.  The Clerk of Court shall file the
6 Notice of Removal without prepayment of the filing fee.

**II.    Initial Screening Under 28 U.S.C. § 1915(e)(2)(B)**

8    After granting *in forma pauperis* status, the Court must dismiss the case if the case "fails to
9 state a claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B); see also
10 Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e)
11 "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that
12 fails to state a claim).  Here, Defendant seeks to remove an unlawful detainer action brought against
13 him by Plaintiff Bank of America, National Association in state court.  In the Complaint, Plaintiff
14 alleges it purchased Defendant's property at a foreclosure sale, but Defendant continues in possession
15 of the property.  Plaintiff seeks possession of the property, as well as the reasonable value for
16 Defendant's use and occupancy of the property in the amount of $30 per day.

17    Lack of removal jurisdiction may be raised by the Court *sua sponte*.  See Valdez v. Allstate
18 Ins. Co., 372 F.3d 1115 (9th Cir. 2004). "Any civil action" commenced in state court is removable
19 if it might have been brought originally in federal court.  28 U.S.C. § 1441(a); see also Exxon Mobil
20 Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563 (2005).  Thus, the Court must determine whether
21 there is either diversity or federal question jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386,
22 392 (1987).  Defendant contends there is both.  The burden is on Defendant to establish grounds for
23 federal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

24    In this case, it is clear from the Notice of Removal and state court Complaint that there is no
25 basis for federal jurisdiction.  Diversity jurisdiction does not exist, because Defendant has made no
26 showing that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332 ("The district courts
27 shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum
28 or value of $75,000 . . . .).  The Complaint specifically alleges the amount demanded does not exceed

1  $10,000.  See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007) (a removing
2  defendant has a heavy burden where the state court complaint specifically seeks less than $75,000).
3  Defendant's assertion that the property at issue is worth more than $75,000 is of no significance.  The
4  Complaint does not seek adjudication of rights to the property, but seeks the reasonable value for
5  Defendant's continued use and occupancy of the property.

6      Federal question jurisdiction also does not exist, because the Complaint does not assert any
7  claims "arising under the Constitution, laws, or treaties of the United States."  See 28 U.S.C. § 1331.
8  The Complaint only alleges one state law cause of action for unlawful detainer.  In the Notice of
9  Removal, Defendant asserts this is a civil rights action over which this Court has jurisdiction, citing
10 several federal statutes.  However, the Court must look to the Complaint, not to Defendant's potential
11 defenses or counterclaims, to determine whether any of the claims "arise under" federal law for
12 removal purposes.  See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) ("[F]ederal
13 jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly
14 pleaded complaint.").

15     Therefore, neither diversity jurisdiction nor federal question jurisdiction exists.  Because this
16 case could not have originally been brought in federal court, it is not removable.

17 **CONCLUSION**

18     Accordingly, the Court GRANTS Defendant's motion to proceed *in forma pauperis*, and *sua*
19 *sponte* dismisses this action.  The Clerk of Court shall close this case.

20 **IT IS SO ORDERED.**

22 **DATED: September 14, 2010**

23     */s/ Irma E. Gonzalez*
    **IRMA E. GONZALEZ, Chief Judge**
24     **United States District Court**